PRICE v. The HIGHLAND LIGHT. See Case No. 6,477.

PRICE (ISAACS v.). See Case No. 7,097.

PRICE (JOHNSON v.). See Case No. 7,407.

## Case No. 11,413.

### PRICE v. KELLEY.

[2 Ban. & A. 534; [1] 11 O. G. 639; Syllabi, 175.]

Circuit Court, D. Minnesota. Feb., 1877. [2]

PATENTS—PORTABLE CIRCUS SEATS—INFRINGE- MENT.

1. The complainant filed his bill upon three patents for improvements in show and portable seats and in circus seats: *Held*, that as the defendant constructed and used the ordinary circus seats, which were old and common, and upon every alternate board of which, when elevated, he put chair-seats, he did not infringe upon any claim of either of the patents.

2. Where no infringement is shown, it is unnecessary for the court to examine the other issues raised by the pleadings in the case.

[This was a bill in equity by David C. Price against James E. Kelley, for the infringement of certain letters patent.]

Davis O'Brien Wilson, for complainant.
Palmer & Bell, for defendant.

NELSON, District Judge. The complainant obtained two patents, Nos. 125,329 and 134,486, dated respectively April 2d and December 31st, 1872, as the original inventor of an "improvement in show and portable show-seats." He also secured patent No. 163,-537 to be issued to himself as the assignee of the original inventor, Wm. H. Shuey, and dated May 18th, 1875, "for an improvement in circus-seats." He brings suit against James E. Kelley because of an infringement of his patents.

The complainant declares that his inven-

tion No. 125,329 has for its object "to provide an improved arrangement of seats for use in circus and other shows, the same being constructed with a view to the comfort of the spectator, while possessing the necessary qualities of security when erected, and compactness when packed for transportation." He claims as new an improvement consisting of notched support straps or bars and boards and chairs constructed and arranged as shown in a diagram; also chairs provided with slots or recesses through which boards can pass, and the seats be shoved along to the required position; also the combination with the supports and boards of the binding bars or straps and stakes to secure the supports. The diagram of this invention shows the ordinary stringers used in circus and outdoor portable seats, elevated and adjusted on an inclined plane, the stringers being notched for the support of boards, and elevated at the back by means of trestles. Every alternate board has a chair-seat upon it, and the board immediately in front is used as a foot-rest. The boards upon which are the chairs or seats, as well as the foot-rests, are secured in place at each end by a zig-zag-shaped strap passing from the top of each stringer over the boards to the bottom, and terminating in an eye, through which a stake is driven into the ground. In No. 134,486, every alternate board is suspended at each end from the under side of the stringer by a band of metal running the length, or nearly so, of each one, and by forming the shape of a clevis, upon which the ends of the board rest, secures it in position like a hanging shelf, and is called a foot-rest. The complainant claims as new the series of foot-boards or rests, in combination with the supports (stringers) and braces (trestles). In No. 163,-537 the invention is claimed as a "show-seat consisting of the frame F, the back H formed of a single piece of bent wood, pivoted to the sides of the said frame, and the jointed braces K, the back H being constructed to fold around and closely embrace the seat-frame in order that the upper surfaces may be flush, as and for the purpose specified." The defendant alleges want of novelty; denies that the patents are for original inventions, and denies that he has infringed either of the inventions and patented improvements. It is admitted that there is no novelty in using stringers and trestles to form portable show-seats, nor in making every alternate board on the stringers a foot-rest; but the combination of all these, in connection with a chair-seat and folding-back, and straps to secure the ends of the seat-boards in position, is urged by the complainant's counsel as new and patentable, and the infringement of this combination is charged.

An examination of the manufacture of the defendant shows that it has nothing in common with that of the complainant, except the notched stringers and the trestles, and the metal straps used to secure the seat-boards,

---

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

[2] [Affirmed in 154 U. S. 669, 14 Sup. Ct. 1208.]

the space between the strap and the stringer at the notches being sufficiently open to allow the ends of each board to pass easily through. The chair-seat proper has nothing in common except a cushion. The Price or Shuey patent has an open back in the shape of a yoke, pivoted to the side of the seat, and with braces attached and jointed to permit its being folded about the seat. The Kelley seat is composed of two leaves upholstered and connected at one edge by a hinge-joint, so as to hold the back, when open, and allow it to be folded upon the top of the seat. The hinged edges are rabbeted so that the back, when open, bears against the seat proper, and prevents the seat-board from splitting. Price suspends every alternate board in the ordinary circus-seat by a stirrup of metal fixed below the stringers for a foot-rest. He is thus enabled to bring his seat boards nearer together, 'and accommodate more spectators with no inconvenience. The knees and feet of the person when seated, being below the seat-boards,·do not interfere with those seated in front. Kelley uses notched stringers, and raises his seat-boards so that they have the appearance of a high bench, upon which he puts his chair-seats, and then uses for a foot-rest every alternate board on the top of the stringers, as in the old and ordinary circus-seats. When the seat-board is raised, the board in front used as a foot-rest falls below the back of the seat immediately in front of it, and the persons seated do not interfere with those in front. The security and comfort of the spectators are attained by each, and the mechanism permits the seats to be packed in a small compass for transportation, and rapidly and easily adjusted, but the arrangement in each is different. The only device used by Kelley, not found in the old and ordinary circus-seat, is the upholstered chair-seat and back, and the metal strap or clamp fastened to the stringers which holds the seat-board in position. Price describes this strap in his patents, and claims it as new. The testimony of the mechanics and architects is, however, that this mode of securing boards or underlying axles by a clamp or clevis, in a firm and fixed position, is a common and ordinary device, and "is on the general principle of holding stairs or steps in their place, and securing windlasses," etc.

The complainant, therefore, cannot maintain his suit on account of the use of this device, and as defendant constructs substantially the ordinary circus-seat, which is old and common, and upon every alternate board of which, when elevated, he puts a chair-seat which is not an infringement, his bill of complaint must fall. It is unnecessary, then, to examine the other issues raised by the pleadings. Decree will be entered, dismissing the bill of complaint.

[On appeal to the supreme court, the decree of this court was affirmed. 154 U. S. 669, 14 Sup. Ct. 1208.]